[S. F. No. 15351.   In Bank.—July 9, 1935.]

THOMAS F. McCUE, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Thomas F. McCue, *in pro. per.*, and Clifton Hildebrand for Appellant.

Philbrick McCoy for Respondent.

PRESTON, J.—In proceedings against petitioner before The State Bar of California, based upon six charges of solici-

tation by him of professional employment in violation of rule 2 of the Rules of Professional Conduct, or in other words of "ambulance chasing", a local administrative committee, after hearing, recommended that petitioner be suspended from the practice of law for a period of sixty days. Thereafter the case had the full consideration of the Board of Governors of The State Bar and petitioner appeared before them and made a statement. Said board approved and adopted, as its findings, the findings of the local committee but recommended that petitioner be suspended from practice for a period of four months. The cause is now before us upon petitioner's application for review, wherein he questions the sufficiency of the evidence to sustain the charges against him and accuses the various representatives and officials of The State Bar of bias and prejudice in connection with the investigation of his activities and the prosecution of these proceedings.

We have reviewed with care this entire record. It offers no support whatsoever for petitioner's accusations of bias and prejudice nor is there any showing that he has been treated unfairly. As to the charges against him, the evidence is not free from conflict. Moreover, petitioner was eloquent in his denial of wrong doing and profuse in explanations of his conduct and of apparent contradictions in his own testimony, which he claimed were due largely to an unretentive memory and the long period of time between the questioned occurrences and the dates of his examination in these proceedings. We are, however, in entire accord with the findings of fact of the local committee, which embody our view of the case. They may be summarized as follows:

█ There is insufficient evidence to show that petitioner solicited professional employment from Cecilia Bizal (charge 5) but the evidence sufficiently shows that he did wilfully solicit professional employment from George Barnes (charge 1); Albert Wiget (charge 2); G. W. Tangye (charge 3); James C. Demaree (charge 4) and Dulio Gregori (charge 6). In the Wiget and Demaree cases there was evidence of personal solicitation of employment by petitioner, although this was denied by him. Mr. Demaree testified that petitioner was present when he (Demaree) signed the contract of employment at the hospital. In all of the cases, with possible exception of the Wiget case, there was evidence that one Dean approached the respective claimants and asked that

petitioner be employed to press the claims. Counsel for petitioner objected to all testimony relative to solicitation by Dean, on ground of no proper foundation laid, in that there was no showing that petitioner had authorized Dean to solicit professional employment for him. There was no direct evidence of such authority. We concur, however, in the unanimous opinion of the committee that the circumstantial evidence in the record is convincing that Dean solicited employment for petitioner with the latter's knowledge and approval. Although in the Wiget case there was no proof that the man who solicited the employment for petitioner was Dean, there was in said case evidence of personal solicitation on the part of petitioner.

So persuasive is the showing against petitioner, that we feel it unnecessary to here detail the circumstances of each instance of solicitation. We are left without the slightest doubt as to petitioner's misconduct. With this observation, we pass to a determination of the extent to which petitioner should be disciplined. ■ In this connection it is, of course, proper that we take into consideration not only the present misconduct but petitioner's past record as well, which to say the least, is not unblemished and above suspicion. (*In re McCue*, 77 Mont. 47 [248 Pac. 187]; *In re McCue*, 80 Mont. 537 [261 Pac. 341]; *In re McCue*, 211 Cal. 57 [293 Pac. 47]; *Marsh* v. *State Bar*, 2 Cal. (2d) 75 [39 Pac. (2d) 403].) Having in mind these various factors, it would appear that the recommendation of the Board of Governors states a proper period of discipline.

It is therefore ordered that petitioner herein, Thomas F. McCue, be and he is hereby suspended from the practice of law in this state for the period of four months from and after the date of filing of this order.

Thompson, J., Seawell, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.