[S. F. No. 16061. In Bank.—March 30, 1939.]

KARL F. KENNEDY, Petitioner, v. THE STATE BAR, Respondent.

Karl F. Kennedy, *in pro. per.*, Frank Curran and Andrew J. Copp, Jr., for Petitioner.

Philbrick McCoy for Respondent.

THE COURT.—On January 12, 1938, the petitioner was served with a notice to show cause why he should not be disciplined for professional misconduct. The local administrative committee of The State Bar, for Fresno County, heard the charges, made its findings of fact, and recommended disbarment. Subsequently the Board of Governors adopted the findings of the committee and recommended to this court that the petitioner be disbarred from the practice of the law. The petitioner does not dispute the truth of the facts disclosed by the record, but he contends that under all the circumstances a reprimand is a sufficient disciplinary measure to accomplish the end and object of the proceedings before The State Bar.

The petitioner was born in San Jose, California, and is now 59 years of age. It is represented that his family and his family's associates have been prominent in the political and economic history of the state. The petitioner was admitted to practice law in this state in May, 1905, after completing his law studies at Stanford University. The record indicates that the petitioner practiced law in San Jose after his graduation until he enlisted in the World War. From 1918 to 1929 he was not engaged in the practice of the law. In 1928 he suffered personal injuries, including injuries to his head and brain, in an automobile accident. When he was

deemed sufficiently recovered, he settled in Coalinga, California, with the intention of starting a law practice there.

In 1932 the petitioner received from Pacific Credit Association of San Francisco for collection the claim of Houbigant, Inc., against Flentge Drug Co. He collected $10 on the account and sent $5 thereof directly to Houbigant, Inc., instead of to the forwarder, retaining the same amount as his ''minimum fee'', although it was questionable whether he was entitled to more than $3.72.

In the same year Credit Clearing House Adjustment Corporation of New Orleans, Louisiana, forwarded to the petitioner a small claim for collection. Within the year he collected $30.91 from the debtor, but failed to remit any amount to the corporation. Upon complaint being made to The State Bar soon thereafter he contended that he had ''misplaced'' his file; but thereupon he sent his check for $20.61 as the forwarder's proportion of the collection. That check was dishonored but the petitioner later made good the amount.

In 1933 G. O. Berry sent to the petitioner for collection a claim on a promissory note signed by Mrs. Gentry of Coalinga. The petitioner collected $10 on this claim, but failed to report or remit until 1934 and after complaint to The State Bar, whereupon he remitted $7.50 of the collection through the check of one of the members of the committee.

As to the above three matters the acting local administrative committee at that time (1933) determined that further proceedings were not then justified and declined to issue a notice to show cause.

In December, 1936, the Board of Governors at a meeting held in San Francisco decided that the proceedings in the above three matters should be reopened for further investigation. After the subsequent hearing on the old and the new charges against the petitioner, the local administrative committee for Fresno County determined that the foregoing three charges, because of the lapse of time intervening since the prior investigation, should be dismissed, but that each should be considered only ''in the light of its value as evidence of a course of conduct pursued by petitioner''.

The following new charges, upon which the notice to show cause was based, were investigated by the committee:

In 1932 the petitioner was employed by Mrs. Arletta J. Enterline to collect money due her from an estate then in

course of administration. In April, 1932, he collected $200 for the account of Mrs. Enterline in the form of a check drawn to her order. He sent the check to her requesting her to endorse the same and return it to him, representing that he would remit immediately the proportion due to her. He received the endorsed check and deposited it in his personal account in the bank at Coalinga, and at the same time sent to Mrs. Enterline his check for $157.50. At that time there were outstanding against his account checks aggregating a sum greater than the amount on deposit, so that when his check drawn to Mrs. Enterline was presented for payment it was dishonored. The petitioner, after some correspondence with Mrs. Enterline and in August, 1932, commenced to make small payments to her on account of his indebtedness, and between the latter date and February, 1937, succeeded in repaying to her $75 of the total amount due.

In 1931 the petitioner obtained a judgment for $62.50 against one Burleson on behalf of his client, G. G. Covington. In the same year the justice of the peace before whom the action was tried received the amount of the judgment and remitted the same by check to the petitioner. The petitioner cashed the check and apparently applied the proceeds to his own personal use. He made no report of this collection to Covington until 1936 after the latter learned from the justice of the peace that the judgment had been paid. In the meantime the petitioner had claimed that he did not recall the collection of the amount, and had attempted again in 1933 to locate the debtor and realize on the judgment. When confronted finally with the statement that he had endorsed the check, he contended that it must have been a forgery, as he had no recollection of receiving or endorsing it. Finally in January, 1938, the petitioner paid $36 on the account, claiming 50 per cent of the collection as his fee.

By his own admission to the committee, the petitioner had never read the rules of professional conduct, and had not known that it was improper for him to mingle clients' funds with his own.

The petitioner contends that the committee and the board acted beyond their proper jurisdiction in reconsidering the early charges against him, as to which he claims to have been exonerated. It is not erroneous for the proper investigating committee or board to review any past conduct of an

attorney, whether or not previously involved in investigation proceedings. The board is entitled to consider the past conduct as well as that which is directly under investigation, for whatever weight it may have in determining the question whether the attorney is imbued with the essential qualities of integrity and honesty, or for any bearing it may have upon his motive or otherwise upon the question of the measure of discipline to be applied. (*Marsh* v. *State Bar*, 2 Cal. (2d) 75 [39 Pac. (2d) 403]; *McCue* v. *State Bar*, 4 Cal. (2d) 79 [47 Pac. (2d) 268].)  ■  The record before us contains sufficient evidence that experience alone apparently will not teach the petitioner the rudiments of proper professional conduct. Whatever might be the cause of the failings of the petitioner, whether due to lapses because of prior serious injury, or ignorance of the rules of conduct, or otherwise, such failings may not be condoned. Protection to the public requires that the rules of professional conduct be adhered to. Citation of prior decisions of this court is not necessary to support the conclusion, based on the facts here presented, that the petitioner must be subjected to some period of suspension within which to rehabilitate himself from his past sufferings and conduct. However, inasmuch as it also appears that before reinstatement of the petitioner in the practice of the law a reexamination into the progress made during such period of rehabilitation will become necessary, it is the opinion of the court that the present recommendation of the Board of Governors should be adopted.

In view of the foregoing we conclude that the petitioner has not shown that the decision and recommendation of the board is erroneous or unlawful. Other matters presented by the petitioner are extraneous to any showing sufficient to meet the burden devolving upon him in this proceeding, and we do not deem it necessary to discuss such matters specifically.

It is ordered that the petitioner be disbarred from the practice of the law in this state and that his name be stricken from the roll of attorneys.

Rehearing denied.