[S. F. No. 16360. In Bank.—August 14, 1940.]

CEDRIC W. PETERSEN, Petitioner, v. THE STATE BAR
OF CALIFORNIA, Respondent.

Cedric W. Petersen, *in pro. per.,* for Petitioner.

Philbrick McCoy for Respondent.

THE COURT.—The board of governors of The State Bar
has recommended to this court that petitioner be suspended
from the practice of the law for a period of one year. This
recommendation is based on the adopted findings and con-
clusion of the local committee that conducted the hearings
and, in part, upon the fact that petitioner in 1929 had suf-
fered a prior one-year suspension. (*In re Petersen,* 208 Cal.
42 [280 Pac. 124].)

■ It is settled that in fixing the degree of discipline of an attorney his past record in similar proceedings may be considered. (*Kennedy* v. *State Bar,* 13 Cal. (2d) 236 [88 Pac. (2d) 920].) We are of the opinion that the record in this proceeding, particularly when considered in the light of petitioner's prior discipline, warrants a present suspension of one year.

No useful purpose would be served by a detailed narrative of the facts giving rise to this disciplinary proceeding. There is abundant evidence disclosing that monthly instalments of support money paid to petitioner for and on behalf of a client for whom he had procured a divorce were not paid over promptly by him but, on the contrary, were either wholly or partially withheld by him for considerable periods of time. Despite petitioner's prior denials of the receipt thereof some of such instalments were immediately paid over by him when his client threatened to cite her estranged husband to appear before the district attorney because of his assumed delinquency. Such action was prevented by the petitioner paying over certain of the instalments theretofore received with the explanation that the money had just come to hand. On other occasions, and in an effort to quiet his client's demands for action to recover what she assumed to be delinquent payments, petitioner went through the form of preparing affidavits, which he had his client sign, for an order to show cause why her husband should not be adjudged in contempt for failure to make support payments which actually were not in default, petitioner theretofore having received them. While these papers were prepared and signed they were never filed, petitioner ultimately making procedure unnecessary by paying over certain of the money theretofore received by him. At the committee hearings the petitioner attempted to explain or justify his conduct by narrating a troubled mental condition brought on by personal marital difficulties and by telling of the temporary loss in his crowded office safe of several of the instalment payments received by him. He also attempted to establish that some confusion arose as to the exact status of the account by reason of a few payments having been made directly to his client by her estranged husband. Petitioner's defense of his conduct is neither convincing nor satisfactory. Without more, we are satisfied that the record discloses adequate violation of the rules of professional conduct and of his

oath and duties as an attorney to warrant the recommended suspension.

Petitioner had ample notice of and opportunity to obtain counsel for the hearing before the board of governors. No error appears in the action of the board in refusing a continuance beyond October 27, 1939. Petitioner already had been granted two continuances and had approximately three months within which to obtain counsel and to prepare for the hearing before the board.

It is therefore ordered that petitioner Cedric W. Petersen be suspended from the practice of the law in all the courts of this state for a period of one year, commencing thirty days after the filing of this opinion.