[S. F. No. 16593.    In Bank.—Oct. 2, 1941.]

HAROLD C. HENNESSY, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Franklyn M. O'Brien for Petitioner.

W. Eugene Craven and Delger Trowbridge for Respondent.

THE COURT.—In October, 1940, the petitioner, an attorney at law admitted to practice in this state, was charged with misconduct involving moral turpitude and dishonesty (sec. 6106, art. 6, State Bar Act), in that he retained and converted to his own use moneys of his client deposited with him for disbursement.

The petitioner was born in San Francisco in April, 1894. He became an electrician by trade and was a chief electrician in the navy in the first world war. While still following that trade he studied law and was admitted to practice in January, 1926. Prior to 1940 he was practicing law in the Mission District in San Francisco.

The facts giving rise to the charges against the petitioner are admitted. In December, 1939, he was retained by one Frank Desmond to represent him in an action for divorce commenced by his wife. The agreed fee was $50 and $15 court costs, which amounts were paid to the petitioner. In the same month the court awarded to Mrs. Desmond $40 a month as temporary alimony and $65 as counsel fees. Prior to May, 1940, Desmond paid to the petitioner an aggregate of $275 to be transmitted to his wife or her attorney on account of alimony payments and counsel fees. The petitioner transmitted $130 of that sum, but at the time

of the filing of the complaint against him herein he had not accounted for the sum of $145. By the time of the hearing he had reduced that sum to $70, with a promise to discharge the balance by payments of $20 per week, and it is now represented that the balance due from the petitioner has been fully paid.

In 1940 and prior to the time of the complaint made against him, the petitioner voluntarily gave up the practice of the law temporarily and returned to his trade, and he is now employed as an electrician. He testified that his gross earnings from the practice of the law in 1939 were about $700, and in 1940, until his temporary abandonment of law practice, about $300. He stated before the committee that he used the moneys deposited with him because he was hard pressed for funds to support himself. The record shows that on January 6, 1939, the petitioner was suspended from the practice of the law for a period of thirty days on proof of a similar charge. There are records of two other similar complaints made against him by other clients, the first one in 1934, but those matters had not resulted in the institution of formal proceedings.

The local administrative committee No. 4 for the city and county of San Francisco recommended disbarment. The Board of Governors adopted the findings and recommendation of the local administrative committee.

Both the committee and the Board of Governors properly took into consideration the past record and conduct of the petitioner. (*Kennedy* v. *State Bar*, 13 Cal. (2d) 236 [88 Pac. (2d) 920]; *Petersen* v. *State Bar*, 16 Cal. (2d) 57 [104 Pac. (2d) 769].) The petitioner asserts that the local administrative committee and the Board of Governors erroneously considered the past record of complaints filed against him which did not result in the institution of formal disciplinary proceedings. The committee and the board may consider any past conduct of the accused attorney, which may include any facts disclosed on prior investigation by The State Bar on complaints filed, and regularly brought before it in the proceeding under review, for whatever bearing such facts may have on the question of his integrity or the measure of discipline which is to be recommended under the particular circumstances. No abuse of the discretion of the committee or the board in this regard has been disclosed.

The petitioner does not contend that he is not subject to discipline for his admitted misconduct. He contends that disbarment is too severe a discipline under the circumstances.

The petitioner, however, has not met the burden of showing that the conclusion and recommendation of the Board of Governors is erroneous or unlawful.

It is ordered that the petitioner be disbarred and that his name be stricken from the roll of attorneys of this state.

Petitioner's application for a rehearing was denied October 30, 1941.