[Civ. No. 47219. Second Dist., Div. Two. May 19, 1976.]

MYRLAN DALE HANDELAND, Plaintiff and Appellant, v.
DEPARTMENT OF REAL ESTATE, Defendant and Respondent.

514

**Counsel**

Meserve, Mumper & Hughes, L. H. Lackman and Richard W. Lyman, Jr., for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Melvin R. Segal, Deputy Attorney General, for Defendant and Respondent.

OPINION

**ROTH, P. J.**—Petitioner appeals from a judgment denying his petition for a writ of administrative mandamus. (Code Civ. Proc., § 1094.5.)

On May 17, 1974, pursuant to Government Code section 11503, an accusation was filed by the Department of Real Estate (Department) charging that petitioner had knowingly created a subdivision within the meaning of the Business and Professions Code section 11000,[1] but failed to notify the Commissioner of the Department in writing of his intention to sell such subdivided land prior to the time it was sold in violation of section 11010, and that petitioner did not obtain a subdivision public report for any of the subdivided land prior to sale, in contravention of section 11018.2.

Following a hearing on the accusation the hearing officer recommended a decision dismissing the accusation. The Real Estate Commission rejected the proposed decision, and based on the identical record determined that the evidence supported the imposition of disciplinary action.[2] A 30-day suspension of petitioner's real estate salesman's license was ordered.

The proceeding for a writ of administrative mandamus in the superior court followed and the superior court specifically and in totality accepted the Department's findings and denied the writ. We stayed the administrative order of suspension pending the outcome of this appeal.

In its findings, the Department found that: petitioner relied exclusively upon a title company to qualify the subdivision with the department and except for a failure on the part of petitioner to forward to the title company money required, an effective filing with the Department would

---

[1] All references to code sections are from the California Business and Professions Code unless otherwise specifically noted.

[2] Section 10177 states:

"The commissioner may suspend or revoke the license of any real estate licensee, or may deny the issuance of a license to an applicant, who has done any of the following:

". . . . . . . . . . . . . . . . . . . . . . .

"(d) Willfully disregarded or violated any of the provisions of the Real Estate Law (commencing with Section 1000 of this code) or of Chapter 1 (commencing with Section 11000) of Part 2 of this division or of the rules and regulations of the commissioner for the administration and enforcement of the Real Estate Law and Chapter 1 of Part 2 of this division."

The alleged violations were contained in chapter 1 of part 2, concerning the regulation of subdivided lands.

have been achieved. Petitioner, admitting that he did know of the filing requirements, asserts that these findings support only a charge of negligence and that negligence is not a violation of section 10177, subdivision (d). Such an interpretation is contrary to the legislative intent and it divests the Department of one of its functions, to wit, that of discipline of its licensees. Furthermore, it allows a seller to contract with impunity in violation of law with a purchaser without the prior disclosures deemed necessary as a matter of public policy. Thus the buyer has no remedy until the wrong is discovered and buyer exercises the right to bring suit.

█ It is important in construing the language of section 10177, subdivision (d), to emphasize that the regulatory scheme for subdivision of lands is designed to provide the prospective buyer with a full and complete picture of the risks which will be assumed prior to purchase of a parcel in a subdivision. The intent of the sections is to prevent the occurrence of a variety of substantive wrongs *before* they occur. The purpose of the law is to arm the buying public with a full disclosure of the essential facts to the end that an informed decision can be made on whether to purchase.

Grouped under the chapter heading, "Subdivided Lands," the California Legislature has enacted an elaborate procedure for the sale of subdivided land. (§ 11000 et seq.) In pertinent part the code provides: before a subdivision parcel can be offered for sale or lease a written notice of intent must be filed with the Commissioner (§ 11010); a filing fee must be concurrently paid (§ 11011); the notice must include specified and required information concerning the subdivision (§ 11010); thereafter the Commissioner reviews the contents of the documents and the information filed and makes an examination of the subdivision (§ 11018). If the documents and information filed satisfy the statutory and regulatory requirements, the Commissioner issues a subdivision public report. (§ 11018.) Parcels in a subdivision may not be sold until the Commissioner has issued a final public report. (§ 11018.2.) In addition, a prospective purchaser must be given an opportunity to read the public report. (§ 11018.1.) Under section 10177, subdivision (d) willful disregard or violation of these code sections are grounds for suspension or revocation of an individual's real estate license.

During the year of 1973, petitioner and two others as joint venturers created a subdivision within the meaning of section 11000.[3] This section

---

[3]Section 11000 reads in pertinent part: " 'Subdivided lands' and 'subdivision' refer to improved or unimproved lands or lands divided or proposed to be divided for the

requires all sales of subdivided land to comply with the pertinent statutory provisions of the Business and Professions Code. The joint venturers planned to and did subdivide for sale Tract No. 7940, located in Anaheim, California, into six parcels and five of the parcels were sold during the months of July, August, and November of 1973 in violation of the Business and Professions Code.

It is undisputed that petitioner failed to comply with any of the above noted sections prior to the sale of the five parcels and the Department does not contend that petitioner acted in willful disregard of the law. Petitioner contends that since he did not know the law had not been complied with, he committed no violation. The sole issue presented is: whether a real estate salesman may be subject to disciplinary action pursuant to section 10177, subdivision (d), for omissions which are in violation of sections 11010 and 11018.2, when such omissions are not willful.[4]

Petitioner contends that in the prior proceedings neither the Department nor the superior court made a finding that petitioner willfully disregarded or willfully violated the relevant sections of the Business and Professions Code, and that the failure to so find is fatal to the decision of each. Petitioner's point is that under a fair reading of "willfully disregarded or violated," (§ 10177, subd. (d)), it must be shown that the individual *knew* he was violating the law. In *Houge* v. *Ford* (1955) 44 Cal.2d 706, 712 [285 P.2d 257], the court stated, " . . . in its ordinary sense, the function of the word 'or' is to mark an alternative such as 'either this or that' . . . ." Furthermore, petitioner's argument defeats the regulatory purposes of the Real Estate Law.

In *Westbrook* v. *Summerfield, Roberts etc., Inc.* (1957) 154 Cal.App.2d 761, 766 [316 P.2d 691], we stated: "The provisions of sections 11000 et seq. of the Business and Professions Code and the nature of the information and notice which they require leave no doubt as to the

---

purpose of sale or lease or financing, whether immediate or future, into five or more lots or parcels . . . ."

[4]The Department interpreted section 10177, subdivision (d), to read that any violation of the Real Estate Law was a ground for discipline. Although not controlling, a Court of Appeal will in its construction of a statute give hospitable consideration to the interpretation accorded it by an administrative agency. (*City of Los Angeles* v. *Rancho Homes, Inc.* (1953) 40 Cal.2d 764, 770-771 [256 P.2d 305]; *Universal Eng. Co.* v. *Bd. of Equalization* (1953) 118 Cal.App.2d 36, 43 [256 P.2d 1059]; *Askew* v. *Parker* (1957) 151 Cal.App.2d 759, 763 [312 P.2d 342]; *Bodinson Mfg. Co.* v. *California E. Com.* (1941) 17 Cal.2d 321, 331 [109 P.2d 935].)

purpose and the reason for those statutes. Their purpose is to protect individual members of the public who purchase lots or homes from subdividers and to make sure that full information will be given to all purchasers concerning public utility facilities and other essential facts with reference to the land."

Noncompliance with the statutory provisions for the sale of subdivided lands renders the purchase agreement voidable. (See, e.g., *Barret* v. *Hammer Builders, Inc.* (1961) 195 Cal.App.2d 305 [16 Cal.Rptr. 49]; *Murphy* v. *San Gabriel Mfg. Co.* (1950) 99 Cal.App.2d 365 [222 P.2d 85]; *Bachenheimer* v. *Palm Springs etc. Corp.* (1953) 116 Cal.App.2d 580, 587 [254 P.2d 153].) Although the courts provide a remedy, the burden of seeking it falls on the purchaser who becomes saddled with the costs, fees, and risks of litigation. An interpretation of section 10177, subdivision (d), that does not impose disciplinary sanctions upon a salesman when there is a clear and undisputed violation simply because the salesman asserts that the violation was unintentional does, in fact, emasculate the law since it places the burden of enforcement upon the buyer instead of on the Department as intended by the Legislature.

Disciplinary procedures provided for in the Business and Professions Code, such as section 10177, subdivision (d), are to protect the public not only from conniving real estate salesmen but also from the uninformed, negligent, or unknowledgeable salesman. When the facts are proved as they were at bench, the question is not whether the Department has the right to discipline but whether the discipline imposed was reasonable. At bench the discipline imposed was a 30-day suspension. It is clear that the Department exercised a sound and reasonable discretion.

The judgment of the superior court denying the writ of administrative mandamus is affirmed.

Fleming, J., and Beach, J., concurred.