BILL LOCKYER Attorney General MARC J. NOLAN Deputy Attorney General
THE HONORABLE SHARON RUNNER, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following question:
May a peace officer take into custody an arrestee for committing a non-Vehicle Code infraction if the arrestee does not present satisfactory identification but is willing to sign a promise to appear and provide a fingerprint for identification purposes?
 CONCLUSION
A peace officer may take into custody an arrestee for committing a non-Vehicle Code infraction if the arrestee does not present satisfactory identification even if the arrestee is willing to sign a promise to appear and provide a fingerprint for identification purposes.
 ANALYSIS
An "infraction" is a relatively minor violation of law as distinguished from a felony or a misdemeanor. (See Tracy v.Municipal Court (1978) 22 Cal.3d 760, 765-766.) Penal Code section 19.6[1] provides:
 "An infraction is not punishable by imprisonment. A person charged with an infraction shall not be entitled to a trial by jury. A person charged with an infraction shall not be entitled to have the public defender or other counsel appointed at public expense to represent him or her unless he or she is arrested and not released on his or her written promise to appear, his or her own recognizance, or a deposit of bail."
We are asked whether a peace officer may take into custody an arrestee for committing a non-Vehicle Code infraction if the arrestee does not present satisfactory identification but is willing to sign a "promise to appear"[2] and provide a fingerprint for identification purposes. We conclude that the officer may do so.
A number of offenses constitute infractions. For example, section 640 states:
 "(a) Any of the acts described in subdivision (b) is an infraction punishable by a fine not to exceed two hundred fifty dollars ($250) and by community service for a total time not to exceed 48 hours over a period not to exceed 30 days, during a time other than during his or her hours of school attendance or employment, when committed on or in any of the following:
 "(1) Any facility or vehicle of a public transportation system as defined by Section 99211 of the Public Utilities Code.
 "(2) Any facility of, or vehicle operated by any entity by any entity subsidized by, the Department of Transportation.
 "(3) Any leased or rented facility or vehicle for which any of the entities described in paragraph (1) or (2) incur costs of cleanup, repair, or replacement as a result of any of those acts.
 "(b)(1) Evasion of the payment of any fare of the system.
 "(2) Misuse of any transfer, pass, ticket, or token with the intent to evade the payment of any fare.
 "(3) Playing sound equipment on or in any system facility or vehicle.
 "(4) Smoking, eating, or drinking in or on any system facility or vehicle in those areas where those activities are prohibited by that system.
 "(5) Expectorating upon any system facility or vehicle.
 "(6) Willfully disturbing others on or in any system facility or vehicle by engaging in boisterous or unruly behavior.
 "(7) Carrying any explosive or acid, flammable liquid, or toxic or hazardous material in any public transit facility or vehicle.
". . . . . . . . . . . . . . . . . . . . . . . . . ."
Special procedures apply when persons are arrested for non-Vehicle Code infractions. So long as the arrestee provides the officer with a driver's license or other satisfactory evidence of identity and signs a written promise to appear, he or she must be released without being taken into custody. Subdivision (a) of section 853.5 states:
 "Except as otherwise provided by law, in any case in which a person is arrested for an offense declared to be an infraction, the person may be released according to the procedures set forth by this chapter for the release of persons arrested for an offense declared to be a misdemeanor. In all cases, except as specified in Sections 40302, 40303, 40305, and 40305.5 of the Vehicle Code, in which a person is arrested for an infraction, a peace officer shall only require the arrestee to present his or her driver's license or other satisfactory evidence of his or her identity for examination and to sign a written promise to appear contained in a notice to appear. If the arrestee does not have a driver's license or other satisfactory evidence of identity in his or her possession, the officer may require the arrestee to place a right thumbprint, or a left thumbprint or fingerprint if the person has a missing or disfigured right thumb, on the notice to appear. Except for law enforcement purposes relating to the identity of the arrestee, no person or entity may sell, give away, allow the distribution of, include in a database, or create a database with, this print. Only if the arrestee refuses to sign a written promise, has no satisfactory identification, or refuses to provide a thumbprint or fingerprint may the arrestee be taken into custody." (Italics added.)
The question presented for resolution concerns the effect of the final sentence of section 853.5, subdivision (a). Has the Legislature prohibited peace officers from taking into custody an arrestee who has no satisfactory identification but is willing to sign a written promise to appear and to provide a fingerprint for identification purposes? We conclude that the officer is not prohibited from taking the arrestee into custody in such circumstances.[3]
In Melamed v. City of Long Beach (1993) 15 Cal.App.4th 70,79, the court observed: "Ordinarily, the word `and' connotes a conjunctive meaning, while the word `or' implies a disjunctive or alternative meaning." In Houge v. Ford (1955) 44 Cal.2d 706,712, the court stated: "In its ordinary sense, the function of the word `or' is to mark an alternative such as `either this or that.'" (See People v. Skinner (1985) 39 Cal.3d 765, 769; Inre Carr (1998) 65 Cal.App.4th 1525, 1532; Cal-Farm Ins. Co. v.TAC Exterminators, Inc. (1985) 172 Cal.App.3d 564, 580.) However, depending upon the circumstances, "and" can mean "or," and "or" can mean "and." (See Friedman v. City of Beverly Hills
(1996) 47 Cal.App.4th 436, 444; Citizen Advocates, Inc. v. Boardof Supervisors (1983) 146 Cal.App.3d 171, 176-177; Hennigan v.United Pacific Ins. Co. (1975) 53 Cal.App.3d 1, 5-6.)
Here, the Legislature could have phrased the last sentence of section 853.5, subdivision (a), as follows: "Only if the arrestee refuses to sign a written promise, and has no satisfactory identification, and refuses to provide a thumbprint or fingerprint may the arrestee be taken into custody." Another possible phrasing could have been: "Only if the arrestee refuses to sign a written promise, or has no satisfactory identification, or refuses to provide a thumbprint or fingerprint may the arrestee be taken into custody."
Following the usual meaning of "and" in the first alternative, we would find that a person could be taken into custody only if all three conditions were met: (1) the arrestee refused to sign the promise to appear in court, and (2) the arrestee did not present satisfactory identification, and (3) the arrestee refused to provide a thumbprint or fingerprint for identification purposes. However, if the arrestee complied with any one of the three conditions, he or she could not be taken into custody.
Following the usual meaning of "or" in the second alternative, we would conclude that a person could be taken into custody if any one of the conditions were present: (1) the person refused to sign, or (2) the person did not present satisfactory identification, or (3) the person refused to provide a thumbprint or fingerprint. Compliance with one or two of the conditions, such as signing the promise to appear and furnishing a fingerprint, would not prevent the officer from taking the person into custody.
Here, we do not have either alternative. While the Legislature has used the word "or" before the third condition, no "or" precedes the second condition. The meaning of the entire sentence is less than clear. This is particularly apparent when subdivision (a) of section 853.5 is read as a whole.[4] The thumbprint or fingerprint identification procedure comes into effect only "[i]f the arrestee does not have a driver's license or other satisfactory evidence of identity in his or her possession." (See People v. Hart (1999) 74 Cal.App.4th 479,488.) Consequently, not providing a thumbprint or fingerprint for identification purposes cannot reasonably serve as a separate and independent basis for taking an arrestee into custody if he or she signs a promise to appear and provides a driver's license or other satisfactory evidence of identity. As subdivision (a) of section 853.5 specifies: "a peace officer shall only require the arrestee to present his or her driver's license or other satisfactory evidence of his or her identity for examination and to sign a written promise to appear." A thumbprint or fingerprint is not required.
What, then, is the significance of furnishing a thumbprint or fingerprint for identification purposes? We view the two requirements of signing a promise to appear and furnishing satisfactory identification as the critical conditions of the statute. If both are provided, the arrestee must be released. If either is refused, the peace officer may take the arrestee into custody. Submitting a thumbprint or fingerprint does not satisfy the requirement of presenting proper identification unless the officer so permits.
We find support for this construction of section 853.5, subdivision (a), in the related language of section 853.6. The former authorizes releasing an arrestee "according to the procedures set forth by this chapter for the release of persons arrested for an offense declared to be a misdemeanor." Such procedures are those specified in section 853.6, which provides in part:
". . . . . . . . . . . . . . . . . . . . . . . . . .
 "(d) The officer shall deliver one copy of the notice to appear to the arrested person, and the arrested person, in order to secure release, shall give his or her written promise to appear in court as specified in the notice by signing the duplicate notice which shall be retained by the officer, and the officer may require the arrested person, if he or she has no satisfactory identification, to place a right thumbprint, or a left thumbprint or fingerprint if the person has a missing or disfigured right thumb, on the notice to appear. Except for law enforcement purposes relating to the identity of the arrestee, no person or entity may sell, give away, allow the distribution of, include in a database, or create a database with, this print. Upon the signing of the duplicate notice, the arresting officer shall immediately release the person arrested from custody.
". . . . . . . . . . . . . . . . . . . . . . . . . .
 "(i) Whenever any person is arrested by a peace officer for a misdemeanor, that person shall be released according to the procedures set forth by this chapter unless one of the following is a reason for nonrelease, in which case the arresting officer may release the person, or the arresting officer shall indicate, on a form to be established by his or her employing law enforcement agency, which of the following was a reason for the nonrelease:
". . . . . . . . . . . . . . . . . . . . . . . . . ."
 "(5) The person could not provide satisfactory evidence of personal identification.
". . . . . . . . . . . . . . . . . . . . . . . . . ."
Section 853.5 and section 853.6 relate to the same subject matter — the procedures to be followed for the release of arrestees. Indeed, the former refers to the procedures set forth in the latter. As such, these statutes are in pari materia and may be construed in light of one another. (See Cooley v.Superior Court (2002) 29 Cal.4th 228, 248; California TeachersAssn. v. Governing Bd. of Rialto Unified School Dist. (1997)14 Cal.4th 627, 642; Long Beach Police Officers' Assn. v. City ofLong Beach (1988) 46 Cal.3d 736, 744; 78 Ops.Cal.Atty.Gen. 92, 94 (1995).) Section 853.6's grant of authority to take an arrestee into custody for lack of sufficient identification, without qualification, is consistent with the conclusion that an officer may similarly do so, without qualification, under the terms of section 853.5. (See also 4 Witkin, Cal. Criminal Law (3d ed. 2000) Pretrial, §§ 54, 58, pp. 253, 256.)
We believe that the significance of the phrase "or refuses to provide a thumbprint or fingerprint" may be found in the legislative history of the statute.[5] The thumbprint or fingerprint procedure was authorized by the Legislature when section 853.5 was amended in 1995. (Stats. 1995, ch. 93, § 1.) The legislative committee reports indicate that the proposed legislation was intended to address the problem of arrestees furnishing false identifications and signing other people's names on promises to appear. Persons who were falsely named would be required to prove that they were not the persons cited for the infractions. The thumbprint or fingerprint procedure was intended to provide a "simple and cost-effective means for wrongly accused individuals to prove to law enforcement that they were not responsible for the act being charged" and to "avoid lengthy delays in clearing a case for the victim and provide an easy way for law enforcement to track down the violator." (See Assem. Com. on Public Safety, Analysis of Assem. Bill No. 219 (1995-1996 Reg. Sess.) as amended March 30, 1995, p. 2; Sen. Com. on Criminal Procedure, Analysis of Assem. Bill No. 219 (1995-1996 Reg. Sess.) as amended May 8, 1995, pp. 3-4; Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 219 (1995-1996 Reg. Sess.) as amended June 20, 1995, pp. 4-5.)
Hence, the thumbprint or fingerprint procedure was not intended to act as a substitute for satisfactory identification or to eliminate the authority of a peace officer to take an arrestee into custody who has refused to present satisfactory identification. The Legislature could well have concluded that an arrestee who has not only refused to provide satisfactory identification but also a thumbprint or fingerprint for identification purposes should be specifically mentioned as liable to custodial arrest since such refusal frustrates the aims of the legislation as a whole. The express inclusion of such arrestees may thus be viewed as having "significance . . . in pursuance of the legislative purpose." (DuBois v. Workers' Comp.Appeals Bd. (1993) 5 Cal.4th 382, 388.) In any event, the legislative history of section 853.5 does not disclose an intent to limit the discretion of peace officers to take into custody arrestees who do not present satisfactory identification.
We conclude that a peace officer may take into custody an arrestee for committing a non-Vehicle Code infraction if the arrestee does not present satisfactory identification even if the arrestee is willing to sign a promise to appear and provide a fingerprint for identification purposes.
[1] All further references to the Penal Code are by section number only.
[2] A "promise to appear" is contained in a "notice to appear in court," which specifies "the offense charged, and the time when, and place where, the person shall appear in court." (§§ 853.5, subd. (a), 853.6, subd. (a).)
[3] So long as an officer has probable cause to believe that an offense has been committed, there is no constitutional bar against the officer taking the person into custody, even where, as with the infractions at issue here, the offense is minor and not punishable by incarceration. (Atwater v. City of Lago Vista
(2001) 532 U.S. 318, 354 [121 S.Ct. 1536, 149 L.Ed.2d 549];People v. McKay (2002) 27 Cal.4th 601, 607 ["there is nothing inherently unconstitutional about effecting a custodial arrest for a fine-only offense"].) Nonetheless, law enforcement officers who violate California statutory arrest procedures may subject themselves and their departments to civil actions seeking injunctive or other relief; offending officers may also face internal investigations, additional training requirements, and departmental disciplinary action. (See People v. McKay,supra, 27 Cal.4th at pp. 618-619.)
[4] "`Words must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible.'" (Woods v. Young (1991) 53 Cal.3d 315, 323.) "[E]ach sentence must be read not in isolation but in light of the statutory scheme. . . ." (Lungren v. Deukmejian (1988)45 Cal.3d 727, 735.)
[5] "Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent. [Citation.]" (Dyna-Med,Inc. v. Fair Employment Housing Com. (1987) 43 Cal.3d 1379,1387; accord, Walnut Creek Manor v. Fair Employment HousingCom. (1991) 54 Cal.3d. 245, 268; see In re Dannenberg (2005)34 Cal.4th 1061, 1081-1082.)