[No. A088611. First Dist., Div. Three. June 21, 2001.]

GUARDIANS OF ELK CREEK OLD GROWTH, Plaintiff and Appellant,
v.
DEPARTMENT OF FORESTRY AND FIRE PROTECTION, Defendant
and Respondent;
PACIFIC STATES INDUSTRIES, INC., et al., Real Parties in Interest and
Respondents.

## COUNSEL

Kimberly Burr for Plaintiff and Appellant.

Bill Lockyer, Attorney General, Richard Frank, Chief Assistant Attorney General, Mary E. Hackenbracht, Assistant Attorney General, John Davidson and Michael W. Neville, Deputy Attorneys General, for Defendant and Respondent.

Carter, Behnke, Oglesby & Bacik, Frank Shaw Bacik and Brian C. Carter for Real Parties in Interest and Respondents.

## OPINION

**PARRILLI, J.—** ■ In mandamus proceedings alleging failure to comply with the California Environmental Quality Act (CEQA), the petitioner is required to request a hearing within 90 days of filing the petition. (Pub. Resources Code, § 21167.4, subd. (a).)[1] In *Dunn-Edwards Corp. v. Bay Area Air Quality Management Dist.* (1992) 9 Cal.App.4th 644 [11 Cal.Rptr.2d 850] (*Dunn-Edwards*),[2] this court held that after a change of venue, the petitioner is excused from timely requesting a hearing if the trial court fails to give the statutorily required notice that the case has been transferred. (*Dunn-Edwards, supra,* 9 Cal.App.4th at p. 652.) Here, a petitioner who did receive notice the case had been transferred contends the 90-day period was tolled under *Dunn-Edwards* during the change of venue process. We reject that claim. A petitioner with notice that transfer of the case is complete must comply with the time limit imposed by section 21167.4.

Petitioner below, Guardians of Elk Creek Old Growth, filed a mandamus petition in Sacramento County on May 3, 1999, to challenge the approval of a timber harvest plan. Real parties in interest Redwood Empire Sawmills and Pacific States Industries, Inc., moved to change venue to Mendocino County. The motion was granted. On May 27, 1999, the Mendocino County Superior Court sent notice that it had received the case file from Sacramento County. On August 3, 1999, the real parties in interest filed a motion to dismiss the petition for failure to comply with section 21167.4. On August 11, the petitioner filed a request for a hearing, 100 days after the petition was filed in Sacramento County. The trial court dismissed the petition. The petitioner appeals from the dismissal.

■ The real parties in interest and the Department of Forestry and Fire Protection urge us to dismiss the appeal as moot, because timber harvesting under the challenged plan has been completed. We exercise our discretion to entertain the appeal because it is in the public interest to eliminate any confusion over how *Dunn-Edwards* affects the 90-day period imposed by section 21167.4. (See *County of Fresno v. Shelton* (1998) 66 Cal.App.4th

---

[1]Further unspecified statutory references are to the Public Resources Code.

[2]*Dunn-Edwards* was disapproved on another ground in *Western States Petroleum Assn. v. Superior Court* (1995) 9 Cal.4th 559, 570, and footnote 2 [38 Cal.Rptr.2d 139, 888 P.2d 1268].

996, 1006 [78 Cal.Rptr.2d 272]; 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 652, p. 682.)

In *Dunn-Edwards*, the case was transferred from Los Angeles to San Francisco. However, the Los Angeles Superior Court did not mail notice that the papers and pleadings had been transmitted, and the San Francisco Superior Court did not mail notice that the case had been filed and assigned a number, both of which notices are required by Code of Civil Procedure section 399. (*Dunn-Edwards, supra,* 9 Cal.App.4th at p. 652.) The San Francisco court denied a motion to dismiss under Public Resources Code section 21167.4. (9 Cal.App.4th at p. 651.) We upheld that ruling, stating: "Although section 21167.4 was intended to avoid delays in litigation [citation], the rule must be relaxed where there is uncertainty concerning the forum in which the case is to be tried. We agree with plaintiffs that where the plaintiff initiates the filing of an original petition, the plaintiff knows with certainty the date of filing and can perform his duty under section 21167.4 to notice a hearing. However, with a transferred case, because the court initiates the filing, only after a plaintiff receives notice of the event of filing is it required to fulfill its duty to request a hearing. Notice, as is required under Code of Civil Procedure section 399, is the condition precedent to the duty." (*Dunn-Edwards, supra,* 9 Cal.App.4th at p. 652.)

Petitioner contends *Dunn-Edwards* established a rule that the 90-day period prescribed by section 21167.4 is tolled from the time a case is transmitted until the time it is filed in the receiving court after a change of venue. Our holding was not so broad. We ruled only that until the court provides the required notice of the new filing and case number, the petitioner is not obligated to request a hearing. It would be inappropriate to extend the 90-day period whenever there is a change of venue, regardless of whether the parties are on notice that the transfer is complete.

We disapprove any suggestion that might be drawn from *Dunn-Edwards* that the "refiling" of a case after a change of venue necessarily affects the timeline provided in section 21167.4. "The court to which an action or proceeding is transferred . . . shall have and exercise . . . the like jurisdiction as if it had been originally commenced therein, *all prior proceedings being saved*." (Code Civ. Proc., § 399, italics added.) The date the petition was originally filed is the beginning of the 90-day period for requesting a

hearing. The petitioner is excused from complying with that restriction only if the receiving court fails to notify the parties that the case is on file.[3]

The terms of section 21167.4 are mandatory: "the petitioner shall request a hearing within 90 days from the date of filing the petition or shall be subject to dismissal . . . ." We will not create a rule introducing an automatic and unnecessary extension of the time limit set by the Legislature. In most cases (like this one, where petitioner had over two months to request a hearing after the change of venue was completed and noticed) a change of venue does not make it unduly difficult for the petitioner to comply with section 21167.4.

## DISPOSITION

The dismissal is affirmed. The parties shall bear their own costs on appeal.

McGuiness, P. J., and Corrigan, J., concurred.

---

[3]If notification is provided so near the end of the period as to make it unreasonable to expect strict compliance, the petitioner may seek relief under Code of Civil Procedure section 473. (See *Miller v. City of Hermosa Beach* (1993) 13 Cal.App.4th 1118, 1135-1138 [17 Cal.Rptr.2d 408]; *Dunn-Edwards, supra*, 9 Cal.App.4th at pp. 652-653.) This is not such a case.

Petitioner claims it requested relief below under Code of Civil Procedure section 473, on the ground that its reliance on *Dunn-Edwards* amounted to an excusable mistake of law. However, petitioner provides no record citation supporting this claim, and our own examination of the record yields no support for it. Petitioner did make a passing reference to Code of Civil Procedure section 473 in its opposition to the motion to dismiss. However, it merely "reserve[d] the right" to claim excusable neglect "in the event that the court decides the motion to dismiss in favor of Real Party." Petitioner did not rely on or even cite *Dunn-Edwards* in its opposition. The parties did argue about *Dunn-Edwards* at the hearing, but petitioner did not request relief from a mistake of law.