[No. F050578. Fifth Dist. Apr. 5, 2007.]

CAROL FIORENTINO et al., Plaintiffs and Appellants, v.
CITY OF FRESNO et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of the part subtitled Relief Under Code of Civil Procedure Section 473 under the heading Facts and Proceedings, and parts III.–V. under the heading Discussion.

**COUNSEL**

Griswold, LaSalle, Cobb, Dowd & Gin, Raymond L. Carlson and Kristine M. Howe for Plaintiffs and Appellants.

Hatch & Parent, Lisabeth D. Rothman and Robert J. Saperstein for Defendants and Respondents.

**OPINION**

**DAWSON, J.**—Appellants contend that the superior court committed reversible error when it dismissed their petition for a writ of mandate to enforce the California Environmental Quality Act (CEQA)[1] and subsequently denied them relief from the dismissal under Code of Civil Procedure section 473.

We conclude that the superior court correctly interpreted and applied the dismissal provisions contained in section 21167.4. Dismissal of the CEQA petition occurred because appellants did not file a request for hearing within 90 days of filing their petition, as was required by subdivision (a) of section 21167.4. Furthermore, filing a request for hearing on the 91st day did not cure the failure to meet the deadline, even though it was filed before the motion to dismiss.

In addition, in an unpublished part of this opinion, we conclude the superior court did not abuse its discretion when it denied relief under the discretionary relief provisions of Code of Civil Procedure section 473.

Accordingly, the order dismissing the CEQA action is affirmed.

---

[1] Public Resources Code section 21000 et seq. All further statutory references are to the Public Resources Code unless otherwise indicated.

## FACTS AND PROCEEDINGS

Appellant Carol Fiorentino alleged that she owned property in an unincorporated portion of Fresno County that is supplied with water by the City of Fresno at a fixed or flat rate.

Appellant San Joaquin Valley Taxpayers Association alleged that it was a nonprofit unincorporated association of taxpayers formed to fight the wrongful imposition of taxes, charges, fees, and assessments. Appellant Fiorentino is a member of the San Joaquin Valley Taxpayers Association and has acted as its treasurer and custodian of its books and records.

In 2005, the City of Fresno and its city council (collectively, City) adopted resolution No. 2005-311 titled "A Resolution of the Council of the City of Fresno, California, Certifying the Finding of Conformity for the Long-Term Renewal of the Central Valley Project ('CVP') Contract with the United States Bureau of Reclamation and Authorizing the Department of Public Utilities to Execute the Long-Term CVP Contract."

Appellants allege that in 2004 representatives of City and the United States Bureau of Reclamation negotiated the renewal of a contract made in 1961 under which the United States agreed to deliver to City 60,000 acre-feet of Class I water per year from March 1, 1966, through March 1, 2006. Class I water refers to the first 800,000 acre-feet of water of the San Joaquin River, which is considered a firm water supply that is available each year.

Appellants allege that all of the actions leading to the adoption of the resolution constitute a project for purposes of CEQA. Appellants further allege that the project includes a plan to (1) fit meters on all homes located in City and (2) charge for water based on volume of water used as measured by the meters. Appellants allege City's longstanding practice has been to charge flat rates for water supplied to homes. Appellants allege this plan will raise monthly utility bills, which currently average about $66 per month in City.

Appellants challenged City's adoption of resolution No. 2005-311 by filing a petition for writ of mandate that included four causes of action. Each cause of action alleged a violation of CEQA. The first cause of action alleged the environmental review documents prepared by City in connection with the project were inadequate because they failed to consider all of the significant environmental impacts and cumulative impacts of the project. The second cause of action alleged City did not adequately address feasible mitigation measures. The third cause of action alleged City failed to adopt an environmentally superior alternative. The fourth cause of action alleged City performed an inadequate evaluation of environmental impacts of water diversion

and extraction on water quality, particularly the withdrawals required to serve new development that is dependent in whole or in part on water saved by imposing metered water rates.

Appellants filed their petition for a writ of mandate to enforce CEQA on Friday, August 19, 2005.

On November 10, 2005, the parties met and conferred regarding settlement of the matter in accordance with section 21167.8. At the meeting, City requested additional time to compile the record of proceedings, and appellants agreed to the request.

### Late Request for Hearing and Resulting Dismissal

Appellants filed a request for hearing under section 21167.4, subdivision (a) on Friday, November 18, 2005. November 18, 2005, was 91 days after August 19, 2005. The request for hearing proposed (1) a deadline for the service and filing of the record of proceeding, (2) a briefing schedule, and (3) a hearing on the petition during the week of May 22, 2006.

On November 21, 2005, City filed a motion to dismiss that asserted appellants failed to request a hearing within 90 days from the date they filed the petition and, as a result, section 21167.4, subdivision (a) mandated dismissal of the petition. Appellants filed an opposition to the motion to dismiss and three declarations in support of their opposition.

The motion to dismiss was heard by the superior court on December 16, 2005, and was taken under advisement. On December 28, 2005, the superior court issued a nine-page document titled "Ruling," which included the statement that "the motion to dismiss must be granted because dismissal is mandatory . . . ."

### Relief Under Code of Civil Procedure Section 473*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 596.

*Orders*

The attorneys representing City submitted a proposed order dismissing the action without prejudice. The superior court signed and filed the order on May 23, 2006. Notice of entry of the order was served on appellants on May 31, 2006.

On June 2, 2006, appellants filed a notice of appeal that referenced the order entered on April 20, 2006, and the order filed on May 23, 2006.

## DISCUSSION

### I. *Appealability*

We assume without deciding that the order of dismissal and the order denying relief under Code of Civil Procedure section 473 are properly before this court.

### II. *Motion to Dismiss*

City based its motion to dismiss on section 21167.4. Appellants argue the motion to dismiss was granted improperly because they filed the request for hearing before City filed its motion to dismiss. Because the request for hearing was filed before the motion to dismiss, appellants contend the motion to dismiss was moot.

#### A. *Applicable Statutory and Regulatory Language*

Subdivision (a) of section 21167.4 provides that "[i]n any action or proceeding alleging noncompliance with [CEQA], the petitioner shall request

a hearing within 90 days from the date of filing the petition or shall be subject to dismissal on the court's own motion or on the motion of any party interested in the action or proceeding."

The regulation that corresponds to section 21167.4 is California Code of Regulations, title 14, section 15232, which provides: "In a writ of mandate proceeding challenging approval of a project under CEQA, the petitioner shall, within 90 days of filing the petition, request a hearing or otherwise be subject to dismissal on the court's own motion or on the motion of any party to the suit." This regulation restates, with slight variations, the original version of section 21167.4, which was enacted in 1980. (Stats. 1980, ch. 131, § 3, p. 304, eff. May 28, 1980.)

Appellants contend that Code of Civil Procedure section 1005.5 is relevant to understanding their argument regarding the significance of filing the request for hearing before City filed its motion to dismiss. Code of Civil Procedure section 1005.5 provides: "A motion upon all the grounds stated in the written notice thereof is deemed to have been made and to be pending before the court *for all purposes*, upon the due service and filing of the notice of motion, but this shall not deprive a party of a hearing of the motion to which he is otherwise entitled." (Italics added.)

### B.  *Standard of Review*

Appellants' argument presents a question of statutory construction. We independently review questions of law, which include issues of (1) statutory construction and (2) the application of that construction to a set of undisputed facts. (*Coburn v. Sievert* (2005) 133 Cal.App.4th 1483, 1492 [35 Cal.Rptr.3d 596] (*Coburn*).)

### C.  *Rules of Statutory Construction*

The principles for determining the meaning of a statute have been set forth in detail by this court in *Coburn, supra*, 133 Cal.App.4th at pages 1494 through 1496. We will not restate those principles here.

### D.  *Meaning of Section 21167.4, Subdivision (a)*

#### 1.  *Deadline for requesting a hearing*

First, we conclude that the statutory language that provides a "petitioner shall request a hearing within 90 days from the date of filing the petition" is not ambiguous on its face with respect to creating a filing deadline. (§ 21167.4, subd. (a).) Second, appellants have not shown that the language contains a

latent ambiguity. In short, it means what it plainly says—the request for a hearing must be filed within 90 days from the date the petition was filed. (See *Coburn, supra,* 133 Cal.App.4th at p. 1495 [facial and latent ambiguity].)

The undisputed facts of this case establish that appellants failed to comply with this statutory language.

### 2. *"Or"*

The mandatory 90-day deadline is connected to the clause about dismissal by the word "or." The plain and ordinary meaning of the word "or" is "to mark an alternative such as 'either this or that' [citations]." (*Houge v. Ford* (1955) 44 Cal.2d 706, 712 [285 P.2d 257].) Therefore, the use of the word "or" in section 21167.4, subdivision (a) is not ambiguous. It plainly means that if the mandatory requirement for filing a request for hearing is not met, then the statutory alternative applies.

### 3. *Dismissal*

The alternative to the timely filing of a request for hearing is that the petitioner "shall be subject to dismissal on the court's own motion or on the motion of any party interested . . . ." (§ 21167.4, subd. (a).) This language is plainly mandatory. (§ 15 [" 'Shall' is mandatory"]; *Guardians of Elk Creek Old Growth v. Department of Forestry & Fire Protection* (2001) 89 Cal.App.4th 1431, 1435 [108 Cal.Rptr.2d 259].) It is also conditional. The condition is that a motion must be made by an interested party or by the court itself. No other conditions for dismissal are set forth in the statutory language. Consequently, under the plain meaning of the statutory language, a CEQA action must be dismissed when a timely request for hearing is not filed, provided that a motion is made by any interested party or the court.

The undisputed facts of this case establish that City is an interested party and that City made a motion to dismiss. Thus, the conditional language expressed in the statute was satisfied, and dismissal was mandatory.

### 4. *Appellants' arguments*

First, appellants argue that City's motion to dismiss was made and pending "for all purposes" as of November 21, 2005, as that phrase is used in Code of Civil Procedure section 1005.5. Appellants contend the motion "was filed after the Request for Hearing and was therefore moot, as the condition complained of, failure to file a request for hearing within 90 days of filing the action, no longer existed when the dismissal motion was filed and served."

We disagree. This argument is wrong on the facts. When City filed and served its motion to dismiss, a request for hearing had not been filed *within 90 days* from the date the petition was filed. In other words, a violation of the 90-day deadline existed at the time the motion to dismiss was filed, and the violation still exists today. The late-filed request for hearing did not cure the violation. Section 21167.4 does not mention any cure for late-filed requests. Furthermore, we will not conclude the Legislature intended to imply a cure provision because such a provision would directly contradict the language used to create the 90-day deadline. (See Code Civ. Proc., § 1858 [when construing a statute, judges may not insert what Legislature has omitted].)

Stated otherwise, appellants' argument has it exactly backwards. City has not sought the retroactive application of its motion to dismiss. Rather, appellants have asked, in effect, that their late-filed request for hearing be given retroactive effect so that the violation of the mandatory 90-day deadline is deemed to no longer exist.

Second, appellants argue that the "phrase 'shall be subject to dismissal' suggests that a CEQA claimant risks dismissal if the request for hearing is not filed by the 90th day, but that this risk may be cured if the request is filed before the motion to dismiss." Appellants point out that section 21167.4 does not address the specific circumstances where the request for hearing is filed after the 90-day deadline but before the motion to dismiss. Because the statutory language does not explicitly address this specific factual situation, appellants contend the only fair import of the statutory language is that the request may be filed after the 90-day deadline.

■ These arguments are not convincing. The literal language of subdivision (a) of section 21167.4 applies to the factual situation presented in this case as well as others. Furthermore, a statute need not identify explicitly all of the factual situations that might fall within its general rule. Only relevant facts need be expressed by the Legislature when creating a general rule. It follows that, if the Legislature had intended the filing of a request for hearing after the deadline to be relevant to whether the CEQA proceeding was dismissed, it would have said so. Thus, we will not create an exception to the 90-day deadline where the Legislature did not express one. (Code Civ. Proc., § 1858.)

Appellants are correct in observing that the phrase "shall be subject to dismissal" is consistent with the existence of one or more conditions that must be met before dismissal is mandatory. Appellants are wrong, however, in identifying the applicable condition. It is plainly set forth in the statute—a

motion by the court or an interested party. Nothing in the statute also conditions dismissal on the filing of a motion to dismiss before a late-filed request for hearing.

### 5. *Summary*

■ The meaning of the language used in section 21167.4, subdivision (a) is unambiguous. It requires superior courts to grant a motion to dismiss filed by an interested party when a CEQA petitioner has failed to file a request for hearing within 90 days from the date of filing the petition.[2] Furthermore, dismissal is mandatory regardless of whether a request for hearing was filed before the motion to dismiss.

Accordingly, the superior court correctly applied the language in section 21167.4, subdivision (a) to the facts presented in this case.[3]

III.–V.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[2] This opinion does not reach a number of issues and should not be interpreted to contain implied rulings. For example, City filed its motion to dismiss four calendar days (two business days) after the 90-day deadline expired. We have concluded that City did not wait too long to file the motion. In other words, City's motion cannot be characterized by the phrase "unduly delayed," "lacking in promptness," or other words describing untimeliness. Because the motion was filed promptly in this case, we need not decide whether the law requires such a motion to be brought promptly or not. Questions such as whether it is possible to wait too long to bring such a motion and, if so, what factors are relevant to determining how long is too long must await another day.

Similarly, the facts of this case do not require us to address (1) appellants' concern that a superior court might delay (perhaps until the petition has been heard on its merits) before bringing its own motion to dismiss or (2) whether any constraints are placed on the authority of the superior court to bring its own motion to dismiss. For example, is the *bringing* of such a motion committed to the discretion of the superior court and, as such, subject to review under an abuse of discretion standard? Again, these issues must await another day.

[3] The statutory language of section 21167.4 does not parallel the statutory language that addresses judgments on default. Code of Civil Procedure section 585, subdivision (a) states that if no answer or other responsive pleading "has been filed with the clerk . . . within the time specified in the summons, *or such further time as may be allowed*, the clerk . . . upon written application of the plaintiff, . . . shall enter the default of the defendant . . . ." (Italics added.) When a responsive pleading is filed before a plaintiff's application for default, courts have applied the italicized language to the facts and concluded that the plaintiff, in effect, has *allowed* the defendant *further time*. (E.g., *Goddard v. Pollock* (1974) 37 Cal.App.3d 137, 141 [112 Cal.Rptr. 215].) Because section 21167.4 does not contain any language that permits City to impliedly extend the 90-day deadline by not filing a motion to dismiss, we reject appellants' attempt to analogize dismissals under section 21167.4 to defaults under Code of Civil Procedure section 585.

[*] See footnote, *ante*, page 596.

## DISPOSITION

The order of dismissal is affirmed. Respondents shall recover their costs on appeal.

Vartabedian, Acting P. J., and Cornell, J., concurred.

On May 4, 2007, the opinion was modified to read as printed above. Appellants' petition for review by the Supreme Court was denied July 18, 2007, S153416.