[Nos. G038807, G039040. Fourth Dist., Div. Three. May 22, 2008.]

THE TJX COMPANIES, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
SEAN CALDWELL, Real Party in Interest.

82

---

**COUNSEL**

Cooley Godward Kronish, Michelle C. Doolin, Lori R. E. Ploeger and Leo P. Norton for Petitioners.

Quinn Emanuel Urquhart Oliver & Hedges, Shon Morgan, Stan Karas, Daniel H. Bromberg and Billie Salinas for The Home Depot, Inc., as Amicus Curiae on behalf of Petitioners.

Call, Jensen & Ferrell, Matt R. Orr and Ward J. Lott for Wilsons the Leather Experts, Inc., Wilsons Leather Direct, Inc., and Wilsons Leather Holdings Inc. as Amicus Curiae on behalf of Petitioners.

No appearance for Respondent.

Timothy L. Joens & Associates, Timothy L. Joens; Del Tondo & Thomas, Douglas J. Del Tondo, Bryan M. Thomas; Kirk & Toberty and J. Douglas Kirk for Real Party in Interest.

Lindsay & Stonebarger, Gene J. Stonebarger, James M. Lindsay; Harrison Patterson & O'Connor, James R. Patterson and Harry W. Harrison for Ron Andonia as Amicus Curiae on behalf of Real Party in Interest.

## OPINION

**RYLAARSDAM, Acting P. J.**—The TJX Companies, Inc., T.J. Maxx of CA, LLC, Marshalls of CA, LLC, Marshalls of MA, Inc., and Marmaxx (collectively TJX) filed two petitions for extraordinary writs in connection with a single, now pending class action. The real party in interest here is Sean Caldwell, plaintiff in the action. The action is based on alleged violations of a portion of the Song-Beverly Credit Card Act of 1971. (Civ. Code, § 1747 et seq.; all further statutory references are to this code unless otherwise indicated.) Specifically, real in interest party alleges that TJX violated section 1747.08, which, with certain exceptions, prohibits businesses from requiring customers who use credit cards to provide personal identification information. The statute also bans the use of forms that facilitate the obtaining of such information. Finally, the section imposes penalties for violations. We quote the applicable language of the statute, which is central to our decision, in our discussion.

In her complaint, real party in interest alleges violations of section 1747.08 and purports to represent class members who used credit cards within three years of the filing of the action. The complaint encompasses the use of credit cards in connection with the return of merchandise.

TJX moved to strike portions of the complaint, including an allegation that defined the class as users of credit cards "within the last three . . . years." The trial court denied that portion of the motion. In case No. G038807, contending that section 1747.08 is subject to a one-year statute of limitations, TJX seeks a writ of mandate compelling the trial court to grant that motion.

TJX also demurred to the complaint, contending that the allegations pertaining to customers who returned merchandise were not covered under section 1747.08. The trial court overruled the demurrer. In case No. G039040, TJX contends that section 1747.08 does not apply to returned merchandise and seeks a writ of mandate compelling the trial court to sustain the demurrer.

We issued orders to show cause and stayed the action in the trial court pending our decision. As we explain below, because the statute imposes a penalty it is subject to the one-year statute of limitations of Code of Civil Procedure section 340. We also explain why the statute does not apply to merchandise returns. Because we agree with TJX as to both contentions, we

order the issuance of a writ compelling the trial court to reverse its rulings with respect to both the motion to strike and the demurrer.

## DISCUSSION

### 1. *The one-year statute of limitations applies.*

TJX seeks relief from the order denying its motion to strike the portions of the complaint defining the purported class as persons who used credit cards "within the last three years." Whether the motion should have been granted is determined by the applicable statute of limitations.

Subdivision (a) of section 1747.08 states: "Except as provided in subdivision (c), no person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall do any of the following: [¶] (1) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to write any personal identification information upon the credit card transaction form or otherwise. [¶] (2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise. [¶] (3) Utilize, in any credit card transaction, a credit card form which contains preprinted spaces specifically designated for filling in any personal identification information of the cardholder."

Subdivision (e) of section 1747.08 provides in part: "Any person who violates this section shall be subject to a civil penalty not to exceed two hundred fifty dollars ($250) for the first violation and one thousand dollars ($1,000) for each subsequent violation, to be assessed and collected in a civil action brought by the person paying with a credit card, by the Attorney General, or by the district attorney or city attorney of the county or city in which the violation occurred. However, no civil penalty shall be assessed for a violation of this section if the defendant shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error made notwithstanding the defendant's maintenance of procedures reasonably adopted to avoid that error."

The issue presented is whether the penalty imposed in subdivision (e) of section 1747.08 is a "liability created by statute, other than a penalty or forfeiture," subject to the three-year statute of limitations of Code of Civil Procedure section 338, subdivision (a), or "[a]n action upon a statute for a

penalty," subject to the one-year statute of limitations of Code of Civil Procedure section 340, subdivision (a).

 "Generally, [Code of Civil Procedure] section 340, subdivision (a) applies if a civil penalty is mandatory. [Citation.]" (*Shamsian v. Atlantic Richfield Co.* (2003) 107 Cal.App.4th 967, 978 [132 Cal.Rptr.2d 635].) In determining which statute of limitations applies, "[t]he key question is whether the penalty is mandatory or discretionary, not whether the provisions awarding damages and imposing civil penalties are found in separate subdivisions of the statute." (*Jensen v. BMW of North America, Inc.* (1995) 35 Cal.App.4th 112, 133 [41 Cal.Rptr.2d 295] (*Jensen*).) Real party in interest acknowledges that "the determinative factor as to the application of the one[-]year versus the three[-]year statute of limitations is whether an award of a penalty under . . . section 1747.08 is discretionary or mandatory."

She relies on *Linder v. Thrifty Oil* (2000) 23 Cal.4th 429 [97 Cal.Rptr.2d 179, 2 P.3d 27] (*Linder*), which involved a purported class action based on alleged violations of the Song-Beverly Credit Card Act of 1971, including violations of former section 1747.8 (renumbered as § 1747.08 in 2004), the section at issue here. The trial court denied certification. The Court of Appeal affirmed; its analysis led it to conclude that, based on whether the penalty of the statute applied to each member of the class or to the class in its entirety, "the aggregate amount of the potential penalties against [the defendant] would be either too small to justify the burdens of class treatment or too onerous in relation to the alleged wrongdoing." (23 Cal.4th at p. 434.)

In reversing the Court of Appeal, the Supreme Court rejected this analysis, stating it "was premised upon a false dilemma. Contrary to the court's assumption, there is an entire range of penalties available between what was perceived as the too small amount of $1,250 for the entire class and the too onerous amount of $1,000 for each class member. Since the dilemma contemplated on appeal does not actually exist, it constitutes an insufficient basis for upholding the denial of certification." (*Linder, supra,* 23 Cal.4th at p. 448.) The Supreme Court based this conclusion on its holding that "section 1747.8 does not mandate fixed penalties; rather, it sets *maximum* penalties of $250 for the first violation and $1,000 for each subsequent violation. [Citation.]" (*Ibid.*)

Real party in interest relies on the quoted language from *Linder* in arguing that the imposition of penalties is not mandatory, and that, hence, the three-year rather than the one-year statute of limitations applies. This overstates the *Linder* holding. The case clearly stands for the proposition, as does the language of section 1747.08, subdivision (e) itself, that *the amount of penalties* to be awarded is discretionary. The *Linder* court spoke of a "range

of penalties." Presumably this could span between a penny (or even the proverbial peppercorn we all encountered in law school) to the maximum amounts authorized by the statute. *Linder* does not hold that the court may deny a penalty if the conditions of the statute are met. It is the *amount* of the penalty assessment that would rest within the sound discretion of the trial court.

■ We must construe the language of a statute in accordance with the ordinary plain meaning of the language used. " 'The rules governing statutory construction are well settled. We begin with the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.] "In determining intent, we look first to the language of the statute, giving effect to its 'plain meaning.' " [Citations.] Although we may properly rely on extrinsic aids, we should first turn to the words of the statute to determine the intent of the Legislature. [Citation.] Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.' [Citation.] [¶] 'If the statutory language is clear and unambiguous, there is no need for construction.' [Citation.]" (*Poliak v. Board of Psychology* (1997) 55 Cal.App.4th 342, 348 [63 Cal.Rptr.2d 866].)

The language of subdivision (e) of section 1747.08 is mandatory. Violators "*shall* be subject to a civil penalty." (§ 1747.08, subd. (e), italics added.) A penalty must be imposed, although the amount of the penalty is within the discretion of the court, as long as it does not exceed the statutory maximums. "Shall be subject to" imposes an obligation.

Other statutes employing the same phrase have held the language to be mandatory. For example, in *Fiorentino v. City of Fresno* (2007) 150 Cal.App.4th 596 [59 Cal.Rptr.3d 30], the court dealt with Public Resources Code section 21167.4, subdivision (a), which provides that "[i]n any action or proceeding alleging noncompliance with [the California Environmental Quality Act], the petitioner shall request a hearing within 90 days from the date of filing the petition or *shall be subject to* dismissal . . . ." (Italics added.) The court held that the "shall be subject to" language imposes a mandatory duty on the court to dismiss the action when the specified time limit has not been observed. (*Fiorentino v. City of Frenso, supra,* 150 Cal.App.4th at pp. 604–605.)

There are many other examples: In discussing who was entitled to arbitrate, a provision in a contract that " '[a]ll disputes under this Agreement *shall be subject to* mandatory arbitration,' " was presumed to require arbitration. (*Rowe v. Exline* (2007) 153 Cal.App.4th 1276, 1280, 1283 [63 Cal.Rptr.3d 787], italics added.) And in *People v. Bright* (1996) 12 Cal.4th 652

[49 Cal.Rptr.2d 732, 909 P.2d 1354] (overruled on other grounds in *People v. Seel* (2004) 34 Cal.4th 535, 550, fn. 6 [21 Cal.Rptr.3d 179, 100 P.3d 870]), the court concluded that Penal Code section 664, subdivision (a), which provides that an attempt to commit a " 'willful, deliberate, and premeditated murder,' . . . *shall be subject to* the punishment of imprisonment for life with the possibility of parole" (*People v. Bright, supra*, 12 Cal.4th at p. 656, italics added) "constitutes a penalty provision that prescribes an increase in punishment . . . for the offense of attempted murder" (*id.* at pp. 656–657). Although these cases arise in entirely different contexts, they recognize that "shall be subject to" imposes a mandatory obligation. And nothing in *Linder* contradicts this.

Besides her reliance on *Linder,* real party in interest also claims to draw comfort from *Jensen* in support of her argument that a penalty award under section 1747.08, subdivision (e) is discretionary. *Jensen* involved an action under the Song-Beverly Consumer Warranty Act (§ 1790 et seq.). Section 1794, subdivision (c) of the act provides that, if violation of the act was willful, "the judgment *may* include . . . a civil penalty . . . ." (Italics added.) In line with precedent, the court concluded that, because the penalty was permissive and not mandatory, the one-year statute of limitations of Code of Civil Procedure section 340 did not apply. (*Jensen, supra*, 35 Cal.App.4th at p. 133.) There is nothing surprising in this decision and it does not support real party in interest's position. Other cases cited by real party in interest, including *Greenberg v. Western Turf Assn.* (1903) 140 Cal. 357, 364 [73 P. 1050], similarly involve discretionary penalties.

2. *The statute does not apply to merchandise returns.*

TJX seeks relief from the order overruling its demurrer based on its contention that the statute did not apply to persons who returned merchandise. As with the first issue, we look to the language of the statute to determine its scope. For ease of reference, we repeat subdivision (a) of section 1747.08 here: "Except as provided in subdivision (c), no person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall do any of the following: [¶] (1) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to write any personal identification information upon the credit card transaction form or otherwise. [¶] (2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise. [¶] (3) Utilize, in any credit card transaction, a credit card form which

contains preprinted spaces specifically designated for filling in any personal identification information of the cardholder."

Real party in interest argues, based on the placement of a comma immediately following the words "request," that paragraphs (1) and (2) of subdivision (a) of section 1747.08 must be read to include merchandise returns. But these paragraphs are explicitly limited to use of credit cards as "payment." The express language of the paragraphs refutes real party in interest's contention. Were we to accept her reading of these paragraphs, we would have to conclude that, with respect to returns, the merchant may not request but may require personal information while, with respect to sales of merchandise, the merchant may not request nor require the information. This distinction is not required by the language of the paragraphs nor would common sense permit such a reading.

If returns are covered at all by the statute, it must be under paragraph (3) of subdivision (a) of section 1747.08 because the return of merchandise for a credit card credit involves a "credit card transaction." A plain language reading of paragraph (3) without considering its context supports real party in interest's position. However, when we read the three paragraphs together we come to a different conclusion.

■ Paraphrasing the paragraphs, they prohibit TJX from (1) having the cardholder write personal information on the credit card form, (2) having the cardholder furnish personal information for TJX to write on the credit card form, and (3) using forms containing preprinted spaces for personal information. Interpreting paragraph (3) of subdivision (a) of section 1747.08 so as to prohibit the use of preprinted forms with spaces for personal information to apply to transactions beyond those covered in the first two paragraphs leads to the anomalous conclusion that for return transactions, it is acceptable to request or require cardholders to furnish personal information but they may not be requested or required to do so on forms designed for this purpose. (5) "It is well established that a statute open to more than one construction should be construed so as to avoid anomalous or absurd results. [Citation.]" (*Ludwig v. Superior Court* (1995) 37 Cal.App.4th 8, 18 [43 Cal.Rptr.2d 350].) We must therefore interpret paragraph (3) as relating to the same kind of credit card transactions as those described in paragraphs (1) and (2) of subdivision (a) of section 1747.08.

Real party in interest's reliance on *Florez v. Linens 'N Things, Inc.* (2003) 108 Cal.App.4th 447 [133 Cal.Rptr.2d 465] is misplaced. The case reversed a trial court's order sustaining a demurrer to a cause of action under former section 1747.8 (renumbered as § 1747.08 in 2004) where the store requested customers to furnish their phone numbers before obtaining their credit card to

complete a purchase. Although the court used the phrase "credit card transaction" (e.g., *Florez v. Linens 'N Things, Inc., supra*, 108 Cal.App.4th at p. 449), its decision was based on the prohibition of section 1747.08, subdivision (a)(2), which deals with "payment" and not with merchandise returns. *Florez* considered the legislative history of the 1991 amendment to the statute that added the word "request." It noted the Enrolled Bill Report of the California Department of Consumer Affairs, Assembly Bill No. 1477 (1991–1992 Reg. Sess.): " 'This bill would prohibit requesting *or* requiring' personal information[;] '[s]ince the card issuer already has that information, there is no need for the retailer to request it (some retailers request it for mailing list purposes).' " (*Florez v. Linens 'N Things, Inc., supra*, 108 Cal.App.4th at p. 451.)

The same considerations do not apply to merchandise returns. Here, there are substantial opportunities for fraud and it behooves the merchant to identify the person who returns merchandise, which subsequent examination may disclose to have been used, damaged, or even stolen. (See, e.g., *People v. Davis* (1998) 19 Cal.4th 301, 303 [79 Cal.Rptr.2d 295, 965 P.2d 1165]; *People v. Zangari* (2001) 89 Cal.App.4th 1436, 1439 [108 Cal.Rptr.2d 250].)

Although petitioners furnished substantial evidence that the legislative history as well as the interpretation of the statute by Legislative Counsel supports our analysis, because we determine the plain meaning of the statute based on its language, we need not resort to extrinsic aids to construe its meaning. (*Beal Bank, SSB v. Arter & Hadden, LLP* (2007) 42 Cal.4th 503, 508 [66 Cal.Rptr.3d 52, 167 P.3d 666].)

## DISPOSITION

Let a writ of mandate issue, directing the trial court to vacate its order of June 4, 2007, overruling TJX's demurrer to the complaint and denying TJX's motion to strike as to the portions of the complaint noted herein. The court shall issue a new order sustaining TJX's demurrer without leave to amend. The court shall also issue a new order granting TJX's motion to strike with respect to members of real party in interest's purported class whose rights were alleged to have been violated more than one year before the filing of the complaint.

The stay previously ordered is lifted. The request for judicial notice is denied.

We defer a determination of which side shall bear the costs of these proceedings. When the case is ultimately decided, the trial court shall determine the allocation of costs relating to these proceedings.

O'Leary, J., and Ikola, J., concurred.

A petition for a rehearing was denied June 6, 2008, and the opinion was modified to read as printed above. The petition of real party in interest for review by the Supreme Court was denied August 27, 2008, S164813.