Filed 5/19/22  Valley Gardens Property Investments v. City of Fountain Valley CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| VALLEY GARDENS PROPERTY INVESTMENTS, L.P., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CITY OF FOUNTAIN VALLEY et al., <br><br> Defendants and Respondents. | G060681 <br><br> (Super. Ct. No. 30-2020-01159029) <br><br> O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Peter J. Wilson, Judge.  Affirmed.

Kevin E. Monson for Plaintiff and Appellant.

Harper & Burns, Colin R. Burns for Defendant and Respondent City of Fountain Valley.

Gresham Savage Nolan & Tilden, Keli N. Osaki, Paige H. Gosney for Defendant and Respondent Khosro Habibi.

Appellant Valley Gardens Property Investments, L.P., (Valley Gardens) appeals from the court's dismissal of its petition for writ of mandamus (petition) in a California Environmental Quality Act (CEQA) lawsuit and denial of its request for relief under Code of Civil Procedure section 473, subdivision (b) (section 473(b)). We conclude the court properly dismissed the petition when Valley Gardens failed to comply with Public Resources Code section 21167.4 and file its hearing request within 90 days of filing the petition.[1] We further conclude the court did not abuse its discretion when it denied Valley Gardens' request for relief under Code of Civil Procedure section 473(b). Accordingly, we affirm.

FACTS

On September 4, 2020, Valley Gardens electronically filed its petition in the superior court, seeking to vacate a conditional use permit granted by respondent the City of Fountain Valley (City) to allow real party in interest Khosro Habibi (Habibi) to modify an existing car wash. The petition requested City be directed to comply with CEQA. On December 9, 2020, City and Habibi jointly filed a motion to dismiss the petition under section 21167.4 because Valley Gardens failed to request a hearing within 90 days of filing its petition. The next day, Valley Gardens filed its request to set a hearing. The court granted the motion to dismiss and ordered the petition dismissed with prejudice.

A few days after the dismissal order was filed, Valley Gardens moved to vacate the dismissal under Code of Civil Procedure section 473(b). The accompanying memorandum of points and authorities asserted relief should be granted because Valley Gardens' counsel, Kevin Monson, made an honest mistake of law that resulted in "a calendaring error." Counsel's declaration submitted in support of the motion stated he used an electronic filing vendor to submit the petition to the superior court on

---

[1] All subsequent statutory references are to the Public Resources Code unless otherwise indicated.

September 4, 2020, and received an email informing him he would receive a confirmation of filing once the document was processed by the court. He stated he "never received" notification from the court concerning the filing of the petition as required by California Rules of Court, rule 2.259(a)(3).[2] Counsel indicated he checked the court's website daily to determine if the petition had been filed. On September 16, 2020, counsel learned from the court's website the petition had been filed and he obtained a conformed copy. The court's endorsement of electronic filing is at the top of the petition and states the petition was electronically filed on September 4, 2020.

Despite this, counsel averred he believed the petition was filed on September 16, 2020, and he therefore calendared the 90-day filing deadline for requesting a hearing as starting on that date. He asserted his belief "the 90-day request period began no earlier than September 16, 2020, was based on . . . [his] interpretation of [r]ule . . . 2.259(a) that no filing of the Petition occurred until a notice of confirmation of the filing was sent to [him], and [his] understanding" the 90-day request period could not begin until he had a case number and court assignment. Counsel stated he failed to timely file the hearing request because he incorrectly determined the beginning of the 90-day request period based on a mistake of law. The trial court denied relief, explaining: "Given the clear and unambiguous filing date of September 4, 2020 on the face of the Petition, Petitioner's arguments and contentions that the 90-day period started on September 16 rather than September 4 are unreasonable and inexcusable."

*Compliance with Section 21167.4*

Valley Gardens contends the court erred by dismissing the petition because it timely requested a hearing under section 21167.4. We disagree.

Within 90 days of filing a petition in a CEQA action, a petitioner must request a hearing or the petition will be dismissed pursuant to section 21167.4,

_____

[2] Subsequent rule references are to the California Rules of Court unless otherwise indicated.

3

subdivision (a). Section 21167.4, subdivision (a), states, "[i]n any action or proceeding alleging noncompliance with [CEQA], the petitioner shall request a hearing *within 90 days from the date of filing the petition* or shall be subject to dismissal on the court's own motion or on the motion of any party interested in the action or proceeding." (Italics added.) This statutory language is clear and "means what it plainly says—the request for a hearing must be filed within 90 days from the date the petition was filed. [Citation.]" (*Fiorentino v. City of Fresno* (2007) 150 Cal.App.4th 596, 603.) When a hearing request is not filed within 90 days from the date of the filing petition, "dismissal is mandatory." (*Id.* at p. 605.)

Here, Valley Gardens filed its petition on September 4, 2020. Under section 21167.4, subdivision (a), Valley Gardens had 90 days—until December 3, 2020, to request a hearing. It failed to do so.

Instead, Valley Gardens filed its request for hearing on December 10, 2020, seven days late. Valley Gardens presents several arguments as to why its untimely hearing request should be deemed timely, but none have merit.

First, Valley Gardens tries to blame the superior court for its failure to timely file its hearing request. Valley Gardens contends the superior court was required by rule 2.259(a)(2) to provide it confirmation the petition was filed and the superior court's failure to do so or delay in doing so, excused it from complying with section 21167.4.[3] Whether or when the superior court sent Valley Gardens confirmation of filing is beside the point. It is undisputed Valley Gardens learned on September 16, 2020, its

---

[3]     Rule 2.259(a)(2) states when a document is electronically submitted to the court, if the document "complies with the filing requirements and all required filing fees have been paid, the court must promptly send the electronic filer confirmation that the document has been filed" and indicate the date and time of the filing. Subdivision (a)(4) of the rule cautions, "In the absence of the court's confirmation of receipt and filing, there is no presumption that the court received and filed the document. *The electronic filer is responsible for verifying that the court received and filed any document that the electronic filer submitted to the court electronically*." (Italics added.)

4

petition had been accepted for filing and its counsel obtained a conformed copy of the petition, which clearly stated the petition was filed on September 4, 2020. Once Valley Gardens learned its petition was filed, it had plenty of time to request a hearing.

Second, Valley Gardens attempts to rewrite section 21167.4, subdivision (a). Valley Gardens asserts the 90-day period to request a hearing under the statute begins not on the date of filing of the petition but on the date of the "notice of new filing from the trial court." (Boldface and capitalization omitted.) The language in section 21167.4, subdivision (a), is plain and unambiguous. It clearly states the request for hearing must be filed within 90 days of the filing of the petition, not when notice of filing is provided. The date of notice of filing from the trial court is not the triggering mechanism for starting the 90-day clock under section 21167.4, subdivision (a); instead, the clock starts on the date the petition is filed.

Valley Gardens contends because it did not receive notice of filing from the trial court, the 90-day clock started on September 16, 2020, when it verified the petition had been filed on September 4, 2020. To find that the 90-day clock under section 21167.4 starts the day a petitioner verifies its petition has been filed is unworkable. It gives a petitioner exclusive knowledge of when the 90-day clock starts ticking and obstructs the abilities of the opposing party and the trial court to determine whether a hearing request was timely filed. The trial court rejected Valley Gardens' argument below, stating it "invites uncertainty into the filing process and in determining whether deadlines and limitations periods have been met." We agree with the trial court there is no basis for disregarding the filing date on the petition, especially when, as here, it is consistent with the date the document was submitted. Using the date the petition was filed provides certainty to the court and parties in calculating the 90-day deadline.

To support its argument its hearing request should be deemed timely, Valley Gardens relies on two cases that address compliance with section 21167.4's 90-day deadline when there is a change of venue — *Dunn-Edwards Corp. v. Bay Area*

5

*Air Quality Management Dist.* (1992) 9 Cal.App.4th 644 (*Dunn-Edwards*) and *Guardians of Elk Creek Old Growth v. Department of Forestry & Fire Protection* (2001) 89 Cal.App.4th 1431 (*Guardians*). These cases not only fail to support Valley Gardens' position, they undermine it.

In *Dunn-Edwards*, shortly after plaintiffs filed their petition, their CEQA cause of action was transferred to another jurisdiction. (*Dunn-Edwards, supra*, 9 Cal.App.4th at p. 650.) The First District Court of Appeal stayed all proceedings while it considered a petition for writ of mandate concerning the proper venue for the other causes of action. (*Ibid.*) Ultimately, the superior court transferred the CEQA claim (*ibid*), but neither the transmitting nor the receiving court notified plaintiffs as required by Code of Civil Procedure section 399. (*Dunn-Edwards,* at p. 652.) The Court of Appeal concluded because there was "uncertainty concerning the forum in which the case [was] to be tried," plaintiffs were excused from their failure to file their hearing request within the 90 days as required by Public Resources Code section 21167.4. (*Dunn-Edwards,* at p. 652.) The *Dunn-Edwards* court explained when a case is transferred, the trial court initiates the filing and notice to the plaintiff under Code of Civil Procedure section 399 "is the condition precedent" to plaintiff's duty to request a hearing. (*Dunn-Edwards,* at p. 652.)

As there was no change of venue in this case and thus no uncertainty as to the forum in which the case would be tried, *Dunn-Edwards* does not help Valley Gardens. What is relevant in *Dunn-Edwards,* and undermines Valley Gardens' argument, is the *Dunn-Edwards* court's observation: "where the plaintiff initiates the filing of an original petition, the plaintiff knows with certainty the date of filing and can perform his duty under section 21167.4 to notice a hearing." (*Dunn-Edwards, supra*, 9 Cal.App.4th at p. 652.) Here, Valley Gardens initiated the filing of its petition and knew with certainty the date of filing. Thus, it had no excuse for failing to perform its duty under section 21167.4 and request a hearing within 90 days of the petition's filing.

6

In *Guardians*, the petitioner received notice the case had been transferred, but relying on *Dunn-Edwards*, the petitioner contended the 90-day requirement in section 21167.4 was tolled during the change of venue process. (*Guardians, supra*, 89 Cal.App.4th at p. 1433.) The First District Court of Appeal clarified, "the 'refiling' of a case after a change of venue" does not necessarily affect the 90-day timeline in section 21167.4. (*Guardians,* at p. 1434.) The *Guardians* court explained a petitioner is excused from complying with the 90-day period to request a hearing only if the receiving court in the transfer failed to notify the parties the case was on file. (*Id.* at pp. 1434-1435.)

Valley Gardens focuses on this language and asserts it should be excused from complying with the 90-day period in section 21167.4 because the receiving court did not notify it the case was on file. But such excuse does not apply here as there was no change of venue and refiling of the case. As the *Guardians* court stated, "The date the petition was originally filed is the beginning of the 90-day period for requesting a hearing. . . . [¶] The terms of section 21167.4 are mandatory: 'the petitioner shall request a hearing within 90 days from the date of filing the petition or shall be subject to dismissal . . . .'" (*Guardians, supra*, 89 Cal.App.4th at pp. 1434-1435.) Here, Valley Gardens filed its petition on September 4, 2020, starting the 90-day clock for requesting a hearing.

Valley Gardens' remaining contentions are equally without merit. Valley Gardens asserts its interpretation of section 21167.4 is supported by the doctrine of equitable tolling, public policy, and necessary to afford it the full 90 days to request a hearing. Equitable tolling is not available under the circumstances here (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 100), and Valley Gardens' argument impedes rather than promotes the prompt resolution of CEQA claims. After Valley Gardens learned its petition had been filed, it had over two months to request a hearing, giving it ample time to comply with the statute.

7

The facts are clear. On September 16, 2020, Valley Gardens learned its petition had been filed as of September 4, 2020. It had plenty of time to request a hearing, but simply failed to do so. No number of creative arguments will get around these facts. Accordingly, the court properly dismissed the petition.

II. *Relief Under Code of Civil Procedure Section 473(b)*

Valley Gardens contends if it failed to timely request a hearing under Public Resources Code section 21167.4, then the trial court erred by not granting it discretionary relief under Code of Civil Procedure section 473(b). Valley Gardens asserts its counsel's mistake as to the date on which the 90-day clock began to run was an honest and excusable mistake of law. We disagree. Counsel's mistake was not legally excusable, leaving discretionary relief under Code of Civil Procedure section 473(b) unavailable.

Where a petitioner's failure to timely request a hearing results in dismissal under Public Resources Code section 21167.4, relief may be granted under Code of Civil Procedure section 473. (*McCormick v. Board of Supervisors* (1988) 198 Cal.App.3d 352, 359 (*McCormick*).) Below, Valley Gardens sought relief under the discretionary provision of Code of Civil Procedure section 473(b). This provision states, "[t]he court may, upon any terms as may be just, relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (Code Civ. Proc., § 473(b).) "'A ruling on a motion for discretionary relief under [Code of Civil Procedure] section 473 shall not be disturbed on appeal absent a clear showing of abuse.' [Citation.]" (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257 (*Zamora*).)

The party seeking relief has the burden of establishing entitlement by a preponderance of the evidence. (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1423.) "'[B]ecause the law strongly favors trial and disposition on the merits, any doubts in applying [Code of Civil Procedure] section 473 must be resolved in favor of the party

8

seeking relief from default. [Citations.]' [Citation.] However, '. . . if a party fails to show that a judgment [or order] has been taken against him through his mistake, inadvertence, surprise or excusable neglect the court may not grant relief. It has no discretion.' [Citation.]" (*Parage v. Couedel* (1997) 60 Cal.App.4th 1037, 1042.)

Here, Valley Gardens asserts counsel's mistake as to when the 90-day clock began to run under Public Resources Code section 21167.4 was an honest and excusable mistake of law. "'A party who seeks relief under [Code of Civil Procedure] section 473 on the basis of mistake or inadvertence of counsel must demonstrate that such mistake, inadvertence, or general neglect was excusable because the negligence of the attorney is imputed to his client and may not be offered by the latter as a basis for relief.' [Citation.] In determining whether the attorney's mistake or inadvertence was excusable, 'the court inquires whether "a reasonably prudent *person* under the same or similar circumstances" might have made the same error.'" [Citation, italics added.] In other words, the discretionary relief provision of [Code of Civil Procedure] section 473 only permits relief from attorney error 'fairly imputable to the client, i.e., mistakes anyone could have made.' [Citation.] 'Conduct falling below the professional standard of care, such as failure to timely object or to properly advance an argument, is not therefore excusable. To hold otherwise would be to eliminate the express statutory requirement of excusability and effectively eviscerate the concept of attorney malpractice.' [Citation.]" (*Zamora, supra*, 28 Cal.4th at p. 258; accord, *Comunidad en Accion v. Los Angeles City Council* (2013) 219 Cal.App.4th 1116, 1132 (*Comunidad*).)[4]

---

[4]	The party seeking relief must also be diligent. (*Zamora, supra*, 28 Cal.4th at p. 258.) Code of Civil Procedure section 473(b) requires an application for relief be made "within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." As Valley Gardens filed its request for relief within days of the court's dismissal order, there is no issue concerning Valley Gardens' diligence and we need not discuss this requirement further.

9

"An honest mistake of law is a valid ground for relief when the legal problem posed '"is complex and debatable."'" [Citations.] The controlling factors in determining whether a mistake of law is excusable are the reasonableness of the misconception and the justifiability of the failure to determine the correct law. [Citations.] 'Where the court finds that the alleged mistake of law is the result of professional incompetence based upon erroneous advice [citation], general ignorance of the law or lack of knowledge of the rules [citation], or unjustifiable negligence in the discovery or research of the law, laxness or indifference [citations][,] normally relief will be denied.' [Citation.] There is nothing in [Code of Civil Procedure] section 473 to suggest it 'was intended to be a catch-all remedy for every case of poor judgment on the part of counsel which results in dismissal.' [Citation.]" (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 611-612 (*Pietak*).)

Valley Gardens asserts its counsel reasonably believed the 90-day filing requirement under section 21167.4 started from September 16, 2020, the date he found and purchased a copy of the filed petition from the court's website, because he did not receive confirmation of filing from the court as required by rule 2.259(a). Counsel's belief that rule 2.259 somehow superseded or extended the filing deadline in section 21167.4 was unreasonable and unjustified and therefore inexcusable. The requirements of section 21167.4 are neither complex nor debatable. The statute has been consistently interpreted for over 30 years to require a CEQA petitioner to request a hearing within 90 days of filing its petition or face mandatory dismissal of the case. (*McCormick, supra*, 198 Cal.App.3d at p. 355.)

Here, in denying Valley Gardens relief under Code of Civil Procedure section 473(b), the trial court reasonably concluded the mistake made by Valley Gardens' counsel was inexcusable. The court explained the language of Public Resources Code section 21167.4, subdivision (a), is clear and requires a hearing request be filed "within 90 days from the date of filing the petition." The court continued, "The term 'date of

10

filing the petition' is not ambiguous or subject to interpretation and plainly refers to the file-stamped date on the Petition. It is undisputed that the Petition is file-stamped September 4, 2020. [Citation.] The date the Petition was filed is also identified in the Court docket as September 4, 2020. And of course[,] September 4, 2020 is the date Petitioner actually filed the Petition. [Citation.]"

Explaining why discretionary relief was not warranted, the court stated: "Petitioner's arguments that . . . [r]ule 2.259 created ambiguity on the filing date of the Petition and commencement of the 90-day period are wholly without merit. . . . Rule 2.259 imposes a duty on the filer to follow up with the court to ensure that any document submitted to the court was actually filed on time and provides no basis for extending or affecting any deadline for filing. The lack of confirmation from the Court only affects the **presumption** of receipt and filing (. . . [r]ule 2.259(a)(2)), not the actual date of filing. [¶] . . . [¶] Given the clear and unambiguous filing date of September 4, 2020 on the face of the Petition, Petitioner's arguments and contentions that the 90-day period started on September 16 rather than September 4 are unreasonable and inexcusable. Unlike *Pietak*, the issue of when the Petition was filed to begin the 90-day period is not complex or debatable. Unlike *Communidad*, this is not the kind of mistake that a reasonably prudent person would make when the filing date of the Petition was evident on its face."

We conclude the court did not abuse its discretion, as its decision was not arbitrary, capricious, or lacking in evidentiary support. It issued a reasoned decision, explained the flaws in Valley Gardens' arguments, and distinguished the cases cited by Valley Gardens.

While we recognize that dismissal may be a harsh outcome, complying with Public Resources Code section 21167.4, subdivision (a), "imposes no onerous burden" on a CEQA petitioner. (*Dakin v. Department of Forestry & Fire Protection* (1993) 17 Cal.App.4th 681, 687.) Once Valley Gardens verified its petition had been

11

filed and obtained its case number and court assignment, it had ample time to timely request a hearing — 78 days in fact.  Any issues by the superior court in processing the petition for filing did not make it unduly difficult for Valley Gardens to comply with Public Resources Code section 21167.4, subdivision (a).  Valley Gardens' confusion as to the filing date is inexcusable as the petition, notice of fees due, and court docket all show a filing date of September 4, 2020.  On this record, we cannot conclude the trial court exceeded the bounds of reason by refusing to grant relief under Code of Civil Procedure section 473(b).

## DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs on appeal.

MARKS, J.*

I CONCUR:

O'LEARY, P. J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Moore, J., Dissenting.

I respectfully dissent. In my opinion, the trial court abused its discretion in denying relief to appellant Valley Gardens Property Investments, L.P. (Valley Gardens), pursuant to Code of Civil Procedure, section 473. There is every indication Valley Gardens' counsel acted in good faith while representing his client. The superior court erred in not following the California Rules of Court, and counsel was left to try to ascertain when the 90-day period required under Public Resources Code, section 21167.4 began.

Here, there is unopposed evidence counsel attempted to find out the document's filing date, but was unable to do so until 12 days after it was actually filed. It was only then that Valley Gardens had a case number. Since nothing could be filed without a case number, an attorney might reasonably conclude that is when the 90-day period began.

The law is clear that the court had an obligation to notify Valley Gardens of the filing date pursuant to California Rules of Court, rule 2.259(a)(3): "The court must send receipt and filing confirmation to the electronic filer at the electronic service address the filer furnished to the court . . . ." It is further undisputed the court did not fulfill its mandatory duty under this rule. The word: "'must' is mandatory." (Cal. Rules of Court, rule 1.5(b)(1).) The court did send a notice of a fee that was due. That notice included the filing date, but that was not until 21 days after the actual filing date.

California Rules of Court, rule 2.259(a)(4) states: "In the absence of the court's confirmation of receipt and filing, there is no presumption that the court received and filed the document." Exactly how this subdivision applies in the instant situation is not clear, but it certainly could have been a cause for confusing counsel, i.e., if the court never confirmed receipt and filing as it had a mandatory duty to do, and even though

1

counsel knew he filed the petition on September 4, was it ever "officially" filed under the California Rules of Court?

In *Dunn-Edwards Corp. v. Bay Area Quality Management Dist.* (1992) 9 Cal.App.4th 644, and *Guardians of Elk Creek Old Growth v. Department of Forestry & Fire Protection* (2001) 89 Cal.App.4th 1431, both Courts of Appeal held that a petitioner is excused from complying with the 90-day request requirement in change of venue situations if the receiving court fails to notify the parties that the case has been filed. Granted, the current situation is different, but it's similar enough to understand counsel's reasoning. One could reasonably infer from the holdings in those cases that the 90-day period does not begin to run until there is a case number.

Under the circumstances here, counsel made a mistake of law. Yes, counsel knew when he electronically filed the petition, but the California Rules of Court states there is no presumption the court received the document without a confirmation combined with the lack of any case number until 12 days after filing, demonstrates reasons counsel made that mistake. When he realized his mistake, he promptly asked for a hearing and also promptly asked the court for relief. This is the kind of situation where relief should be granted.


MOORE, J.


2